```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


CNG INTERNATIONAL and            )
DOMINION TRANSMISSION, INC.      )
                                 )
          Plaintiffs,            )
                                 )
     v.                          ) Civil Action No. 01-1393
                                 )
POWER PARTNERS INTERNATIONAL,    )
INC.                             )
          Defendant              )
```

MEMORANDUM

Gary L. Lancaster,
District Judge.                                January 31, 2006

This is an action regarding a dispute over the payment of certain compensation under a contract.  The parties were involved in developing a power plant project in Hawaii in the late 1990's. Plaintiffs seek a declaratory judgment that defendant is not entitled to certain bonus compensation under the parties' contract because the project was not completed under budget. Plaintiffs have also asserted claims for misrepresentation and tortious interference with contract.  After plaintiffs filed this case, defendant filed a separate lawsuit in California state court seeking to collect the same bonus compensation at issue in this case.  The California case went to trial and, following an appeal of the California judge's judgment notwithstanding the verdict, defendant was awarded a portion of the bonus

compensation at issue in this case. As such, defendant currently holds a $550,000.00 judgment against plaintiff Dominion in California.

Plaintiffs originally attempted to secure an order from this court enjoining defendant from executing on the California judgment. Plaintiffs withdrew that motion. Now, plaintiffs are attempting to secure an order from this court restraining defendant from expending or disbursing any money collected from plaintiff Dominion under the California judgment. According to plaintiff, such relief is necessary because defendant would have no other assets with which to satisfy any judgment that plaintiffs might obtain against defendant in this case.

Specifically, plaintiffs have filed an amended motion for a temporary restraining order and preliminary injunction [doc. no. 50]. In the motion, plaintiffs ask this court to enter an order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining defendants from expending, disbursing, tendering, or otherwise transferring any ownership interest in any funds paid to defendant by plaintiff Dominion in satisfaction of the California judgment. In turn, defendant has filed a motion to strike seeking reimbursement of the costs and attorneys' fees incurred in addressing this, and plaintiffs' previous, motion for a temporary restraining order [doc. no. 51].

We find that the relief requested by plaintiffs is precluded by Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). In that case, the Supreme Court held that a district court had "no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondent's contract claim for money damages". Id. at 333. Plaintiffs do not cite this case in their motion. Rather, plaintiffs rely on cases that set forth the general rules governing preliminary injunctions, and an opinion from the Court of Appeals for the Fifth Circuit that granted injunctive relief similar to that being sought here. Federal Savings & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 560 (5th Cir. 1987).

However, in Dixon, the Court of Appeals for the Fifth Circuit froze only those assets to which plaintiff had an *equitable* claim. Plaintiffs make no allegation that they have an equitable claim to any of the assets defendant holds, or might obtain under the California judgment. Plaintiffs' arguments and authorities are simply unavailing in the face of controlling Supreme Court precedent. Accordingly, plaintiffs' motion for a temporary restraining order and preliminary injunction [doc. no. 50] is DENIED.

Defendant's motion to strike [doc. no. 51] is DENIED. We cannot find, based on the record before us, that plaintiffs' citation of Dixon, or failure to cite Grupo Mexicano, was done in bad faith.

BY THE COURT,

_____, J.

cc: All Counsel of Record